Ruffin, C. J.
 

 The Court is of opinion, that the judgment ought to be affirmed. In the first place, it was necessary that the plaintiff should have brought himself within the savings of the statute,'by putting the matter on the record by a special replication. But, if that objection did not exist, the Court would still concur with his Honor on the construction of the statute. The second proviso of the Act is, that, if a creditor shall delay to bring suit at the special request of the exceutor, the debt shall not be barred during the time of the indulgence. Now, there is nothing to connect the payments or the entries of payments with the executor, so as to make„ them his acts personally. They may have been the acts of the other obligors or, perhaps, of the obligee himself If so, they cannot affect the executor, nor deprive the personal estate of the testator of the protection of the Act. It is not like the case of
 
 McEntyre
 
 v.
 
 Oliver, 2
 
 Hawks 209, and others of that class, in which it was held, that the act or acknowledgement of one partner, which takes a case out of the statute
 
 of
 
 limitations as to him, will do so likewise as to the others. There the obligation of all the parties not only arose upon the same promise, but the matter of discharge extends equally to the whole. Here, however, the discharge is one of the debtors by a special provision for his benefit peculiarly. As it was held in
 
 Buie
 
 v,
 
 Buie, 2
 
 Ired. 87, that the discharge of an executor, under the Act of 178.9, did not enure to the benefit of another obligor, so it follows, on
 
 *206
 
 •the'other hand, that a surviving obligor cannot continue or revive the liability of the estate of a deceased obligor by partial payments, obtaining indulgence, or- other means, so as to repel the operation of that statute. The operation of the Act is restricted to the estate of the deceased obligor, and the executor alone can deprive himself or the estate of its protection.
 

 Of course, this opinion is to be understood in reference to the case before the Court, and n.ot at all as embracing the case, where there are two executors and one of' them requests delay: which may be subject to a different rule,
 

 Per Curiam, Judgment affirmed.